THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNN D. HOOKS and IDA P. HOOKS,<br><br>      Plaintiffs,<br><br>  v.<br><br>BANK OF AMERICA; AMERICA'S WHOLESALE LENDER; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS),<br><br>      Defendants. | Case No. 2:12-cv-00708-RAJ<br><br>**DEFENDANTS' MOTION TO DISMISS**<br><br>NOTE ON MOTION CALENDAR: MAY 18, 2012 |

## I. INTRODUCTION

Plaintiffs Lynn D. and Ida P. Hooks ("Borrowers" or "Plaintiffs") bring this action against Defendants Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP (erroneously sued as "Bank of America") ("BANA"), Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender ("AWL"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"). Borrowers seek, among other things, to declare the Deed of Trust they executed null and vo*id.*

Borrowers do not dispute that they received the benefits of their loan (*i.e.*, use and enjoyment of the property for more than seven years). Instead they seek to avoid further payments and challenge any future foreclosure proceedings on the grounds that Defendants lack any authority to foreclose or any interest in the Deed of Trust or Note, claiming that

DEFENDANTS' MOTION TO DISMISS - 1
No. 2:12-cv-00708-RAJ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0565/5369196.1

Defendant BANA is solely the servicer of the loan and Defendant MERS lacks any authority to make any assignments. These allegations fail because they are contradicted by the judicially noticeable documents, do not allege sufficient facts to state a claim, and rely on misinterpretations of settled principles of law. Borrowers simply have not stated a viable claim against Defendants for at least the following reasons:

- Borrowers' claims based on a potential future foreclosure are not ripe and seek relief that is unavailable under the statute;
- Borrowers do not allege a violation of the Washington Deed of Trust Act; and
- Borrowers cannot quiet title where there are no competing interests and the outstanding debt is still owing.

Accordingly, Defendants request that the Court dismiss Borrowers' Complaint in its entirety and with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. **FACTS**

On or about December 1, 2004, Borrowers obtained a $220,800 mortgage loan (the "Loan") secured by a Deed of Trust to finance real property located at 5140 South Leo Street, Seattle, Washington 98178 (the "Property"). Compl., Ex. D (Deed of Trust). The Deed of Trust ("DOT") securing the Loan to the Property identifies America's Wholesale Lender as the lender ("AWL"), Fidelity National Title Company of Washington ("Fidelity") as the Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee the lender and lender's successors and assigns. *Id.* By document recorded May 10, 2011, MERS assigned its beneficial interest under the Deed of Trust to The Bank of New York Mellon, FKA The Bank of New York, as trustee for the certificateholders of the CWMBS Inc., CHL Mortgage Pass-Through Trust 2005-07, Mortgage Pass-Through Certificates, Series 2005-007 ("BONY"). Compl., Ex. E (Assignment of Deed of Trust).

Borrowers initiated the instant action against Defendants on March 16, 2012. On April 23, 2012, BANA removed the matter to this Court. The primary allegations in the Complaint maintain that Defendants lacks any interest in the Property and accordingly lack any

DEFENDANTS' MOTION TO DISMISS - 2
No. 2:12-cv-00708-RAJ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0565/5369196.1

authority to initiate any future foreclosure; Defendants cannot produce the wet ink note; and that the Note and Deed of Trust are irreparably split. *See generally* Compl., pp. 2-11.[1]

### III. EVIDENCE RELIED UPON

This Motion to Dismiss relies upon the allegations in the Complaint and the undisputed recorded documents, of which the Court may take judicial notice.[2]

### IV. ISSUE

Whether the Court should dismiss the Complaint in its entirety for failure to state a claim upon which relief can be granted.

### V. ARGUMENT

**A.  Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs to provide "'a short and plain statement of the claim showing that [they] . . . [are] entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires that a complaint contain sufficient factual allegations, which, accepted as true, state a claim for relief "'that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To survive a motion to dismiss under Rule 12(b)(6), Plaintiffs must provide more than just "labels and conclusions." *Twombly*, 550 U.S. at 555 ("formulaic recitation of the elements of a cause of action will not do[.]"). And while "a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" [*Iqbal*, 129 S. Ct. at

---

[1] Borrowers have not numbered the pages of the Complaint; however, they have provided line numbers. Accordingly, Defendants will refer to the pages within the Complaint in the order provided along with the line numbers indicated.

[2] The Court may take judicial notice of publicly recorded documents and may consider the documents without turning this motion into a motion for summary judgment. *See, e.g., Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995); *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider documents to which the complaint "refers extensively" or "form the basis of the Borrower's claim"); *Parrino v. FHP, Inc.*, 146 F.3d 669, 707 (9th Cir. 1998) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the Borrower's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

DEFENDANTS' MOTION TO DISMISS - 3
No. 2:12-cv-00708-RAJ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0565/5369196.1

1949-50]; legal conclusions may establish the complaint's basic framework but "they must be supported by factual allegations." *Id.* at 1950. The Court ascertains the legal elements of a claim, and then determines whether, for the claim alleged, the facts pled show a "plausible claim for relief." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Here, as discussed below, Borrowers have not "nudged" their claims "across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951 (*citing Twombly*, 550 U.S. at 570). Accordingly, because no amendment will cure the deficiencies, the Court should grant Defendants' Motion to Dismiss with prejudice.

### B.   Borrowers' Claims Are Not Ripe

Borrowers seek to declare the Deed of Trust null and void and to declare the Note discharged based on what they deem improper actions of Defendants. Prayer for Relief, p. 13:3. They further seek to prevent any future foreclosure on the Property. Compl., p. 7:11-16. Borrowers' claims are all based on purported violations of the Deed of Trust Act; however, there are no foreclosure actions pending on the Property. Borrowers do not allege they have received a Notice of Default or any notice of any trustee sale. A review of the public record confirms foreclosure proceedings have not been initiated. Borrowers' claims regarding wrongful foreclosure are not ripe and cannot be sustained as a matter of law. Accordingly, these claims should be dismissed.[3]

### C.   Borrowers Cannot Quiet Title in Their Name

Borrowers' Complaint requests that the Court quiet title in their favor (Compl., pp. 5-11). Borrowers' claims fail as a matter of law. Quiet title actions are "designed to resolve competing claims of ***ownership***…[or] ***the right to possession*** of real property." *Kobza v. Tripp*, 105 Wn. App. 90, 95, 18 P.3d 621 (2001) (emphasis added). But Defendants here do not assert title in the Property. Rather, they only assert a security interest. The Washington statute

---

[3] It is difficult to discern what relief Borrowers seek with their claims. To the extent they may be seeking relief under 61.24.130, their Complaint is both premature and noticeably devoid of any offer to post security as required by that statute.

DEFENDANTS' MOTION TO DISMISS - 4
No. 2:12-cv-00708-RAJ

governing quiet title actions recognizes that deeds of trust and mortgages create only secured liens on real property, and do not convey any ownership interest or right to possession of the subject property. *See* RCW 7.28.230(1) ("A mortgage of any interest in real property shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property, without a foreclosure and sale according to law"); *State v. Superior Court for King County*, 170 Wn. 463, 467, 16 P.2d 831 (1932).

Consequently, because Defendants do not assert a claim to ownership of the Property but only a security interest therein, they cannot be proper defendants to a quiet title action and should be dismissed from such a suit. *See, e.g., Eason v. IndyMac Bank, FSB*, 2010 U.S. Dist. LEXIS 33806 (D. Ariz. 2010) (dismissing defendant MERS from a foreclosure related quiet title action because the plaintiff did not allege it claimed title interest in the property); *Walters v. Fid. Mortg. Co. of Cal.*, 2010 U.S. Dist. LEXIS 36839 (E.D. Cal. 2010).

To the extent that Borrowers do not seek to quiet title to the Property but asks the Court to judicially release them from their Deed of Trust—*i.e.*, give them a free house at Defendants' expense – Borrowers' request must be denied. To maintain a quiet title action against a mortgagee, a plaintiff must first pay the outstanding debt on which the subject mortgage is based. *See Evans v. BAC Home Loans Servicing LP*, No. c10-0656-RSM, 2010 WL 5138394, at *3 (W.D. Wash. 2010) ("Plaintiffs cannot assert an action to quiet title against a purported lender without demonstrating they have satisfied their obligations under the Deed of Trust."). In *Evans*, Judge Martinez explained why a Plaintiff may not use a quiet title action to void a lien:

> The logic of such a rule is overwhelming.  Under a deed of trust, a borrower's lender is entitled to invoke a power of sale if the borrower defaults on its loan obligations.  As a result, the borrower's right to the subject property is contingent upon the borrower's satisfaction of loan obligations. . . it would be unreasonable to allow a borrower to bring an action to quiet title against its lender without alleging satisfaction of those loan obligations.

*Id.* at *4.

DEFENDANTS' MOTION TO DISMISS - 5
No. 2:12-cv-00708-RAJ

116589.0565/5369196.1

Accordingly, the quiet title action is an improper vehicle to challenge Defendants' interest in the Deed of Trust.

### D. Borrowers Fails to State a Plausible Claim for Violation of the Deed of Trust Act

Borrowers' overriding allegations are seeking to avoid their obligations under the Note and Deed of Trust and to prevent any future foreclosure actions. Borrowers, however, have failed to identify any wrongful conduct or prejudice to themselves. In their Complaint, Borrowers allege numerous violations of the Washington Deed of Trust Act ("DTA"). Specifically, Borrowers allege that (1) BANA lacks the authority to enforce the Note or Deed of Trust (Compl. pp. 5:13-14, 23-25, 6:11-13); (2) MERS is not a proper beneficiary (*id.*, pp. 4:35-37; 7:39; 8:1, 9-17); (3) the Deed of Trust and Note were split (*id.*, p. 4:37); (4) Defendants do not hold the note and therefore, lack standing to foreclose (*id.*, p. 3:18-19); and (5) a "robosigner" improperly signed the assignment of the beneficial interest in the Deed of Trust (*id.*, p. 4:29-32). Borrowers' claims cannot be sustained for the following reasons:

1. Judicially Noticeable Documents Demonstrate Defendants' Ability to Enforce the Terms of the Deed of Trust

Borrowers allege that BANA is not the real party in interest and cannot enforce the Note or Deed of Trust. Compl., pp. 5:13-14, 23-25, 6:11-13. However, the judicially noticeable documents indicate that none of these claims allege a plausible violation of the DTA.

It is undisputed that Borrowers executed a Deed of Trust that contains a power of sale identifying AWL as Lender and MERS as beneficiary in 2004. Compl., Ex. D. The Deed of Trust was recorded on December 8, 2004. MERS later assigned its interest under the Deed of Trust to BONY. *Id.*, Ex. E. Washington does not require that all assignments of the Deed of Trust be recorded in the County records each time the note is transferred or servicing rights are transferred. Thus a lack of recordings is not per se evidence of lack of ownership. Nor is it evidence of damage to Borrowers.

DEFENDANTS' MOTION TO DISMISS - 6
No. 2:12-cv-00708-RAJ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0565/5369196.1

Washington law defines "beneficiary" under a deed of trust as the holder of the instrument or document evidencing the obligations secured by the deed of trust. *See* RCW 61.24.005(2). *See also Fidelity & Deposit Co. of Maryland v. Ticor Title Ins. Co.*, 88 Wn. App. 64 (1997). It is well-settled case law that "transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter." *Carpenter v. Longan*, 16 Wall. 271, 83 U.S. 271, 275, 21 L.Ed. 313 (1872); *see In re Leisure Time Sports, Inc.*, 194 B.R. 859, 861 (9th Cir. BAP 1996) (*citing Carpenter*). Indeed, the purpose of recording an assignment is to put parties who subsequently purchase an interest in the property on notice of which entity owns a debt secured by the property. RCW 65.08.070. Such assignments do not affect the rights of a borrower. *In re United Home Loans*, 71 B.R. 885, 891(W.D. Wash. 1987), *aff'd* 876 F.2d 897 (9th Cir. 1989) ("assignment of a deed of trust and note is valid between the parties whether or not the assignment is ever recorded"; "Recording of the assignments is for the benefit of third parties"). Regardless, here, the interest was in fact recorded.

Additionally, BANA was the servicer of the Note. Pursuant to the Deed of Trust Borrowers executed, the servicer is defined as "[the] entity that collects periodic payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law." Compl., Ex. D, ¶ 20. Accordingly, BANA was the servicer of the loan, authorizing it to collect payments and act in enforcing the terms of the Deed of Trust. Borrowers fail to allege any facts to the contrary.

2. <u>MERS' Role is Proper</u>

Borrowers generically challenge MERS' role claiming it is an improper beneficiary and cannot assign any interest in the Note or Deed of Trust. Compl., pp. 4:35-37; 7:39; 8:1, 9-17. These allegations directly contradict the express terms of the DOT, which Borrowers executed, as well as numerous holdings of this Court, which demonstrate that MERS is a valid beneficiary and can assign its beneficial interest.

DEFENDANTS' MOTION TO DISMISS - 7
No. 2:12-cv-00708-RAJ

In December 2004, the Borrowers executed a DOT identifying MERS as the beneficiary and nominee of the Lender and Lender's Successors and Assigns.  Compl., Ex. D.  By executing the DOT, Borrowers expressly consented to MERS' role in the transaction:

> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. . . . Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) ***has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender***[.]

Compl. Ex. D at 2-3 (emph. added).  Accordingly, the Borrowers agreed to MERS' role as beneficiary under the DOT and MERS' right to act with respect to their Loan.  Nothing in the Complaint offers a plausible challenge of the authority that was expressly granted in Borrowers' contractual agreement.

Thus, by the plain language of the Deed of Trust, MERS possessed the authority to assign beneficial interest to BONY.  *Id.*  Absent an unlawful purpose, parties are free to contract as they wish.  *Torgerson v. One Lincoln Tower, LLC*, 166 Wn.2d 510, 517, 210 P.3d 318, 322 (2009) ("It is black letter law of contracts that the parties to a contract shall be bound by its terms."); *Patton v. City of Bellingham*, 38 P.2d 364 (Wash. 1934) (Parties "are free to make any contracts they choose for a lawful purpose").  Deeds of trust are subject to all laws relating to mortgages on real property.  RCW 61.24.020.  And Washington law specifically provides that "parties may insert in such mortgage any lawful agreement or condition."  RCW 61.12.020.  MERS agreed to be designated, and was designated, by both Borrowers and the lender to act on behalf of the lender in the express capacity outlined in the Deed of Trust contract.  Borrowers allege no facts whatsoever to negate this designation of MERS.

MERS' role in transactions similar to the one at issue here are permissible.  *See Cebrun v. HSBC Bank USA, N.A.*, No. C10-5742BHS, 2011 WL 321992, at *3 (W.D. Wash. 2011) ("[Plaintiffs'] claims regarding MERS not being a beneficiary under the security instrument [are] without merit. . . the Cebruns acknowledge that 'MERS is the beneficiary under this

DEFENDANTS' MOTION TO DISMISS - 8
No. 2:12-cv-00708-RAJ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0565/5369196.1

Security Instrument.' [as dictated by the terms of the Deed of Trust they affixed to their Complaint]"). Indeed, this Court has repeatedly acknowledged the express appointment of MERS in other trust deeds.

In *Daddabbo v. Countrywide Home Loans, Inc.*, No. C09-1417-RAJ, 2010 WL 2102485 (W.D. Wash. May 20, 2010), this Court found MERS to be a proper Deed of Trust beneficiary despite the fact that MERS was not also the note holder. *Id.* at 5. Reviewing trust deed language similar to that contained in the instant Deed of Trust, the Court held that "the deed of trust, of which the court takes judicial notice, explicitly names MERS as beneficiary. The deed of trust grants MERS not only legal title to the interests created in the trust, but the authorization of the lender and any of its successors to take any action to protect those interests, including the right to foreclose and sell the Property." *Id.* (internal citations omitted).

In *Vawter v. Quality Loan Serv. Corp. of Wash.*, No. C09-1585JLR, 707 F. Supp. 2d 1115 (W.D. Wash. 2010), this Court granted judgment on the pleadings to the defendants where the plaintiffs alleged that "MERS['] assignment of its beneficial interest to [the Defendant] had no actual effect because MERS had no interest to assign." *Id.* at 1125. The Court held that "[plaintiffs'] assertion that MERS does not ever acquire a beneficial interest in mortgage loans is a legal conclusion rather than a factual allegation," and insufficient to survive a motion for judgment on the pleadings. *Id.* at 1126. *But see Bain v. OneWest*, No. C09-0149-JCC (W.D. Wash. March 15, 2011) (questioning MERS' role as beneficiary and certifying the issue to the Washington Supreme Court).

While questions regarding MERS' role as beneficiary are currently pending before the Supreme Court in the case of *Bain, supra,* the clear weight of legal authority in Washington, as set forth above, supports a finding that MERS is authorized to act. In particular, Courts in Washington have recently upheld MERS' role where, as here, MERS' sole role in the foreclosure transaction is assigning interests in the Deed of Trust. Judge Overstreet recently distinguished situations where MERS' role in foreclosure is limited to merely transferring its interest in *Reinke v. Northwest Trustee Services, Inc.*, Case No. 09-19609/Adv. No. 09-01541

DEFENDANTS' MOTION TO DISMISS - 9
No. 2:12-cv-00708-RAJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0565/5369196.1

(W.D. Wash. Bankr.), slip op. dated October 26, 2011. In that case, Judge Overstreet adopted the holding of *Cervantes*[4] and rejected plaintiffs' attempt to invalidate the security instrument through generic MERS allegations:

> This is not a case where the foreclosures were brought by MERS in its own name. Consequently, the Court rejects Plaintiff's contention that the . . . Notes are unsecured merely because MERS acted in the role of nominee for the lenders under the terms of the deeds of trust . . . The only acts taken by MERS in relation to foreclosure were to execute assignments of its interest in the two deeds of trust . . .

Slip op. at p. 17.

Finally, Borrowers are estopped from asserting that the agreement is invalid. *Simonds v. Noland*, 253 P. 638 (1927) (where a contract is not against public policy, a party is estopped from denying its terms); *Seattle, R. & S. Ry. Co. v. Seattle-Tacoma Power Co.*, 116 P. 289 (1911) (where parties contract to use a certain method of recording power usage, railway cannot be heard to say the method is improper). Here the Borrowers have shown no legal or factual reason why the agreement in the deed of trust should be disturbed in this contract or in millions of other contracts. There is no allegation that the agreement is for an unlawful purpose; there is no allegation of unconscionability; there is not even an allegation as to how the contract provision caused them harm. Borrowers knowingly signed the deed of trust, and the designation of MERS in the deed of trust is clear. Even if it were not, "[w]here there is any doubt about the meaning of words used in a deed, it is to be resolved against the grantor." *Carr v. Burlington Northern, Inc.*, 597 P.2d 409, 411 (Wash. Ct. App. 1979). Thus, Borrowers are estopped from denying the agreement to designate MERS as beneficiary of the deed of trust, as nominee for the lender and lender's successors and assigns. Instructive here is the Ninth Circuit Court of Appeals' determination in *Cervantes, supra.* There, the Court examined the role of MERS as beneficiary in deeds of trust and specifically rejected the borrowers "MERS is a sham beneficiary" allegation where it was apparent that the Deed of Trust explicitly identified

---

[4] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011) (applying Arizona contract law) ("By signing the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents.").

DEFENDANTS' MOTION TO DISMISS - 10
No. 2:12-cv-00708-RAJ

MERS' role and authority, which the borrowers then executed. *Id.* at 1042 (applying Arizona contract law).

For all these reasons, Borrowers' conclusory challenge as to MERS is without merit and not likely to succeed on the merits.[5]

### 3. Borrowers Fail To Plead Separation of the Note and Deed of Trust

Borrowers contends that "[w]hen the mortgage/deed of trust have been assigned without the note, then the assignment is one in which the note has no security." Compl., p. 4:37. In recent case law, this theory has come to be known as the "split the note theory." *See In re MERS*, 2011 WL 251453 (D. Ariz. January 25, 2011) (identifying the "split the note theory" and rejecting it as a basis for quiet title, slander of title, and unjust enrichment).

The fatal problem with this theory is that it ignores the fact that when a note secured by a deed of trust is assigned, the deed of trust follows the note (in the legal if not physical sense). Restatement (Third) of Property (Mortgages) § 5.4 (a)(1997) ("A transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise.").

Here, the Deed of Trust clearly identifies MERS as a beneficiary, as "nominee of Lender and Lender's Successors and Assigns." Compl., Ex. D. Therefore, MERS acts as beneficiary in an agency capacity for the original lender and each subsequent lender (note owner) and each time the note is sold MERS becomes agent for a new principal. Thus, there could be no separation of the note and deed of trust where MERS or the assignee of the Deed of Trust, BONY possessed its interest subject to the interests of the Lender. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011) ("the notes and deeds are not irreparably split: the split only renders the mortgage unenforceable if MERS or the trustee, as

---

[5] Defendants disagree with Borrowers' challenge of MERS, but acknowledge that the question of MERS' standing as beneficiary is currently pending before the Supreme Court. *See Bain v. OneWest*, No. C09-0149-JCC (W.D. Wash. 2011). Accordingly, Defendants request that, should this Court reach the conclusion that a determination of the viability of Borrowers' claims necessitates first that a final resolution of MERS' ability to act as beneficiary, that the MERS based claims be stayed until a decision is reached by the Supreme Court.

DEFENDANTS' MOTION TO DISMISS - 11
No. 2:12-cv-00708-RAJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0565/5369196.1

nominal holders of the deeds, are not agents of the lenders."). Borrowers' Complaint offers no grounds to negate the basic agency relationship established by the Deed of Trust they executed. Accordingly, there is simply no merit to Borrowers' theory that the Deed of Trust and Note were separated.

### 4. There is No Requirement to Produce the Original Note

Borrowers' allege that Defendants cannot produce the original wet ink Note. Compl., p. 3:18-19. However, Washington appellate courts have repeatedly held that the DTA does not require a lender to produce the original Note as a condition of the non-judicial foreclosure. *See, e.g., Broaught v. Tarabochia*, 104 Wn.App. 728, 731-35 (2001) (enforcing Note despite failure to produce the original). The federal courts likewise have rejected the "show me the Note" argument. *See Vawter v. Quality Loan Service Corp. of Washington*, 707 F. Supp. 2d 1115 (W.D. Wash. 2010); *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting cases); *Freeston v. Bishop, White & Marshall*, 2010 WL 1186276 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 2010 WL 2342530, *5 (W.D. Wash. 2010).

Accordingly, Borrowers cannot challenge Defendants' ability to enforce the Loan terms on the basis of Defendants' failure to furnish them with the original Note. To the extent the Complaint makes assertions to the contrary, such claims should be dismissed with prejudice.

### 5. Any Unpled RESPA Claim Fails as a Matter of Law

Borrowers also allege that they sent at least two requests pursuant to the Real Estate Settlement Procedures Act ("RESPA") requesting to obtain the "original wet ink signature to establish proof of claim[.]" Compl., pp. 3:17-19, 24-26. However, Borrowers have not raised a claim pursuant to RESPA. Even if they had raised such a claim, certain requirements must be met. Where a borrower has specific questions or disputes relating to the servicing of a loan, RESPA provides the opportunity to issue a written request to the loan's servicer. The statute requires the servicer to acknowledge receipt of the QWR and respond within a specified number of days. 12 U.S.C. § 2605(e). To constitute a QWR, the request must relate to loan

DEFENDANTS' MOTION TO DISMISS - 12
No. 2:12-cv-00708-RAJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0565/5369196.1

servicing. *See Kelly v. U.S. Bank*, 2010 WL 4135028, at *13 (D. Or.) (QWRs must relate to the servicing of the loan); *Thayne v. Taylor, Bean & Whitaker Mortgage Corporation*, 2010 WL 3546929, at *3 (D. Utah Sept. 10, 2010) (QWRs relate only to the servicing of the loan). The term "servicing" refers to "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan[.]" *Id.* § 2605(i)(3). "Courts routinely interpret section 2605 as requiring a QWR to relate to the servicing of the loan, rather than the creation or modification of a loan." *Gates v. Wachovia Mortg., FSB*, No. 09-02464, 2010 WL 2606511, *3 (E.D. Cal. June 28, 2010). *See also Lucero v. Diversified Investments Inc.*, 2010 WL 3463607, at *1, *4 (S.D. Cal. Aug. 31, 2010) (QWRs are requests relating to servicing "like the outstanding amount due or the interest rate"); *Lopez v. U.S. Bank National Association*, 2010 WL 3463622, at *1 (S.D. Cal. Aug. 31, 2010) (noting that QWRs are requests relating to servicing, "like the outstanding amount due or interest rate" or "for purposes of challenging an amount due or try to correct an error by the loan servicer").

Moreover, a QWR must include "a statement of the reasons for the belief of the borrower . . . that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower." *See* 12 U.S.C. § 2605(e)(1)(B); *see also Pettie v. Saxon Mortg. Services*, No. 08-5089, 2009 WL 1325947, at *2, fn. 3 (W.D. Wash. 2009); *Walker v. Equity 1 Lenders Group*, No. 09-325, 2009 WL 1364430, at *4-5 (S.D. Cal. 2009). A request that is a "general notice of inquiry" and merely seeks documentation without reflecting a belief by the borrower that his account is in error does not constitute a QWR. *Eifling v. Nat'l City Mortg., et. al.*, No. CV10-5713 RBL, 2011 WL 893233, at *2-3 (W.D. Wash. 2011). "The RESPA and the QWR regulation was not designed, and should not be used, as a vehicle to permit in default borrowers to flood their lender with documentation requests, on the hope that a failure to timely comply will lead to an affirmative cause of action. . . ." *Id.* at *3 (emphasis added).

Here, there are no allegations of servicing violations yet alone any claim for damages as required by RESPA. 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with any provision

DEFENDANTS' MOTION TO DISMISS - 13
No. 2:12-cv-00708-RAJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0565/5369196.1

of this section shall be liable to the borrower for * * * any actual damages to the borrower as a result of the failure * * *."); *see also Thayne*, 2010 WL 3546929, at *3 (dismissing complaint where plaintiff failed to plead sufficient facts that he suffered actual damages as a result of the servicer's alleged failure to comply with RESPA); *Bishop v. Quicken Loans, Inc.*, 2010 WL 3522128, at *6 (S.D. W. Va. Sept. 10, 2010) (finding plaintiffs' conclusory allegations that they suffered "financial loss, annoyance and inconvenience" insufficient to plead "actual damages"); *Copeland v. Lehman Brothers Bank*, FSB, 2010 WL 2817173, at *3-4 (S.D. Cal. July 15, 2010) (holding that § 2605 requires a showing of pecuniary damages to state a claim); Lucero, 2010 WL 3463607, at *4 (plaintiff must suffer actual damages in order to recover under § 2605(e)); *Durland v. Fieldstone Mortgage Co.*, 2010 WL 3489324, at *4 (S.D. Cal. Sept. 3, 2010) (court dismissed plaintiff's RESPA complaint after determining that plaintiff failed to allege specific facts to support how defendant's alleged failure to respond to plaintiff's QWRs resulted in pecuniary damages); *Hutchinson v. Delaware Savings Bank FSB*, 410 F. Supp. 2d 374, 383 (D. N.J. Jan. 25, 2006) ("Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages."). Borrowers have not demonstrated that they met such requirements.

6. <u>Borrowers' Robo-Signer Allegations Cannot be Sustained</u>

Borrowers make the bare and conclusory allegation that "King County Recorder's office for the Assignment of Deed of Trust revealed ROBO signatures on the said agreement . . . . This clearly shows that the Assignment of the Deed of Trust is a fabrication." Compl., p. 4:27-32. Despite their challenge to the assignment, Borrowers lack standing to make such a challenge. Borrowers are not a party to the assignment nor are they intended third party beneficiaries, so that MERS could not have made any misrepresentation concerning the assignment. This claim fails on that basis alone.[6] Even if Borrowers had standing—which they

---

[6] Although not specifically addressed by Washington Court's, in *Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 2010 WL 1956867 (E.D. Mich. 2010), the Court determined that the Borrower lacked standing as they were not a party to any assignment. More recently, in *Jenkins v. McCalla Raymer, LLC*, No. 1:10-cv-03732 (N.D. Ga. August 31, 2011), the Court determined that Borrower was not a party to the assignment, so that MERS could not have made any misrepresentations concerning the assignment. Similarly, an

DEFENDANTS' MOTION TO DISMISS - 14
No. 2:12-cv-00708-RAJ

do not—although Borrowers characterize Luis Roldan, who signed on behalf of MERS, as a robosigner, Borrowers fail to set forth any *facts* or *law* that would render the Assignment void. Merely branding an individual as a "robosigner" is not commensurate with alleging facts that evidence any wrongdoing by Defendants. Borrowers simply do not explain how their allegation, without more, amounts to a DTA violation.

Regardless, the Assignment of Deed of Trust is notarized. Under Washington law, notaries "determine and certify," based on "personal knowledge or satisfactory evidence," that the person making an acknowledgement or verification upon oath or affirmation "is the person whose true signature is on the document." RCW 42.44.080(1), (3).[7] The notary's affirmation of personal knowledge or proof of identity of the person signing the document establishes "prima facie evidence of the facts recited therein." RCW 64.08.050. Accordingly, to the extent Borrowers' claims are based on their robosigning allegations, they fail.

## VI.  CONCLUSION

For all these reasons, Borrowers' Complaint fails to state a single viable cause of action against Defendants. It is clear that no amendment can cure the Complaint's deficiencies.

///
///
///
///
///
///
///
///

---

Oregon Court, made the same determination. *See Schlesinger v. ReconTrust Company*, No. 16-11-22098 (Lane County Circuit Court, January 24, 2012). Accordingly, Borrowers lack standing to challenge the assignment and this claim fails on that basis alone.

[7] A notary is determined to have such "satisfactory evidence" of identification if the person is either personally known to the notary, identified upon oath or affirmation of a credible witness personally known to the notary, or "identified on the basis of identification documents." RCW 42.44.080(8).

DEFENDANTS' MOTION TO DISMISS - 15
No. 2:12-cv-00708-RAJ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0565/5369196.1

Therefore, Defendants respectfully request that the Court dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

DATED: April 26, 2012

LANE POWELL PC

By *s/ Jacob M. Downs*
Jacob M. Downs, WSBA No. 37982
John S. Devlin III, WSBA No. 23988
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101
Telephone: (206) 223-7000
Facsimile: (206) 223-7107
Email:   downsj@lanepowell.com
         devlinj@lanepowell.com
Attorneys for Defendants Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, L.P. (erroneously sued as "Bank of America"); Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender; and Mortgage Electronic Registration Systems, Inc.

DEFENDANTS' MOTION TO DISMISS - 16
No. 2:12-cv-00708-RAJ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0565/5369196.1

**CERTIFICATE OF SERVICE**

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 26th day of April, 2012, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. I further certify that on the date indicated below I caused the foregoing document to be served on the following non-ECF participant via Federal Express overnight delivery:

Lynn D. Hooks
Ida P. Hooks
5317 Orca Drive NE
Tacoma, WA 98422
Telephone: (253) 709-2412
*Plaintiffs, Pro Se*

Executed on the 26th day of April, 2012, at Seattle, Washington.

*s/ Danna Hutchings*
Danna Hutchings
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, WA  98101-2338
Telephone:  206.223.7000
Fax:  206.223.7107
E-mail:  hutchingsd@lanepowell.com

DEFENDANTS' MOTION TO DISMISS - 17
No. 2:12-cv-00708-RAJ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0565/5369196.1